# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-314-MOC
# (1:15-cr-64-MOC-WCM-1)

| | |
|---|---|
| BRADFORD D VOL ALLEN, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

Petitioner entered a straight-up guilty plea to a single count of "having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess firearms… in and affecting commerce" in violation of 18 U.S.C. § 922(g)(1). (1:15-cr-64, Doc. Nos. 1 at 1); see (Id., Doc. No. 23).

A United States Magistrate Judge conducted a thorough plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. See (Id., Doc. No. 68). Petitioner stated under oath that he received a copy of the Indictment and discussed it with his attorney. (Id., Doc. No. 68 at 6). The Magistrate Judge then read the charge and statute aloud and explained the elements of the offense as follows:

1. That you have been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.
2. Thereafter, that you shipped, transported, possessed, or received a firearm or ammunition.

1

3. That the firearm or ammunition had been shipped or transported in interstate or foreign commerce, **and that you did such acts knowingly, willfully, and unlawfully**.

(Id., Doc. No. 68 at 7) (emphasis added).

Petitioner agreed that he understood the elements of the charged offense. (Id., Doc. No. 68 at 7). He confirmed that he understood his sentencing exposure, had spoken to his attorney about how the U.S. Sentencing Guidelines might apply to his case, that the Court would not be able to determine the applicable Sentencing Guidelines range until after a Presentence Investigation Report ("PSR") had been prepared. (Id., Doc. No. 68 at 8). He acknowledged that he would still be bound by his plea and would not have the right to withdraw it even if the sentence was more severe than he expected. (Id., Doc. No. 68 at 10). Petitioner understood the rights he was waiving by pleading guilty and agreed that he was, in fact, guilty of the offense charged. (Id., Doc. No. 68 at 11). Petitioner stated that he was aware of the Factual Basis, read it, and agreed with it. (Id., Doc. No. 68 at 12). No threats, intimidation, or force, and no promises of leniency or a light sentence induced the plea. (Id., Doc. No. 68 at 12). Petitioner had discussed with his attorney any possible defenses to the charges and was satisfied with counsel's services. (Id., Doc. No. 68 at 12-13).

The Amended Factual Basis in support of the plea provides, in part, that "[a] review of the defendant's criminal history revealed that he was: (1) convicted in 1999 of possession with intent to distribute a controlled substance; (2) convicted in 2003 of possession with intent to distribute cocaine and sale of cocaine; and then (3) convicted in 2010 of use of a communication facility to facilitate the distribution of crack cocaine. (Id., Doc. No. 22 at 1). The Amended Factual Basis also outlines Petitioner's efforts while he was in jail to have Tiara Haywood, the mother of his child, lie that the firearms were hers. (Id.). The case agent believed that one of these calls, in which

Petitioner asked Haywood to "do what we always talked about," meant having Haywood take a gun charge for Petitioner if he was ever caught with guns, to avoid "15." (Id., Doc. No. 22 at 4). Petitioner wrote a list for Haywood to memorize and practice and to make false claims that the agent was harassing her to discredit him. (Id., Doc. No. 22 at 7-9). One of the points that Petitioner asked Haywood to make is that she did not know he was a "felon," and although she knew he had "been in trouble," she "did not know it was felony trouble." (Id., Doc. No. 22 at 8). Haywood contacted the prosecutor and attempted to persuade him, among other things, that the seized firearms were actually hers. (Id.). When the prosecutor and agent confronted Haywood with the jail phone recordings between herself and Petitioner, she gave a full confession including an admission that Petitioner had coached her to lie to the prosecutor in order to influence the case and to lie, if necessary, at trial. (Id., Doc. No. 22 at 10).

The Magistrate Judge accepted Petitioner's guilty plea after finding that it was knowingly and voluntarily entered, that Petitioner understood the charges, potential penalties, and consequences of his plea, and that the plea was supported by an independent factual basis containing each of the elements of the offense to which he was pleading guilty. (Id., Doc. No. 68 at 14).

The PSR calculated the base offense level as 24 because Petitioner committed the instant offense after sustaining at least two felony convictions for controlled substances offenses addressed in PSR paragraphs 37 and 42. (Id., Doc. No. 42 at § 10). Two levels were added because the offense involved at least three but not more than seven firearms. (Id., Doc. No. 42 at ¶ 11). Two levels were added for obstruction of justice. (Id., Doc. No. 42 at ¶ 14). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 25. (Id., Doc. No. 42 at ¶¶ 17-18).

The PSR's criminal history section scored offenses including felony possession with intent to manufacture, sell, and deliver cocaine and felony sale of cocaine for which he was sentenced to 16 to 20 months' imprisonment (03CRS58733, 03CRS58734), and using a communication facility to facilitate the possession with intent to distribute cocaine base for which he was sentenced to 48 months' imprisonment (1:09-cr-23). (Id., Doc. No. 42 at ¶¶ 37, 42). Petitioner had a total of seven criminal history points and a criminal history category of IV. (Id., Doc. No. 42 at ¶ 43). The resulting advisory guideline range was 84 to 105 months' imprisonment. (Id., Doc. No. 42 at ¶ 88).

Petitioner stated at the sentencing hearing that his answers during the plea colloquy were truthful and that he wanted to go forward with the guilty plea because he did commit the offense. (Id., Doc. No. 69 at 5). Petitioner acknowledged that he read the PSR and went over it with counsel and understood it. (Id., Doc. No. 69 at 6). Defense counsel argued that the conviction in ¶ 42 was not a controlled substance offense but the Court overruled that objection and the other objections to the PSR. (Id., Doc. No. 69 at 7-11).

Petitioner chose to address the Court. He explained that he possessed a gun to protect himself and his family after several attempts on his life, and that he would do the same thing again, and "accept[s] full responsibility." (Id., Doc. No. 69 at 56-59).

The Court adopted the PSR without change and sentenced Petitioner to 77 months' imprisonment followed by two years of supervised release. (Id., Doc. No. 57); see (Id., Doc. No. 58).

Petitioner argued on direct appeal that the Court erred by: (1) increasing his base offense level due to his prior conviction of a "controlled substance offense" under 18 U.S.C. § 843(b), for using a communication facility to facilitate the crime of possession with intent to distribute cocaine base, and (2) in assigning one criminal history point for a prior North Carolina consolidated

4

judgment. The Fourth Circuit Court of Appeals affirmed, finding that the § 843 conviction is a "controlled substance offense" that served as a valid predicate offense for enhancing the base offense level under § 2K2.1(a)(2), and that the Court did not err in assigning a criminal history point for the misdemeanor possession of marijuana conviction. United States v. Allen, 909 F.3d 671 (4th Cir. 2018). The United States Supreme Court denied certiorari on April 15, 2019. Allen v. United States, 139 S.Ct. 1575 (2019).

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on October 28, 2019. (Doc. No. 1). He argues that: (1) counsel was ineffective for failing to challenge the illegal search of the residence and file a "valid" motion to suppress (Doc. No. 1-1 at 13); (2) counsel was ineffective for failing to challenge the "bare bones" search warrant affidavit's sufficiency and file a motion to suppress (Doc. No. 1-1 at 14); (3) counsel was ineffective for failing to challenge Petitioner's seizure and prolonged detention without his consent; and (4) Petitioner did not know that the 2003 North Carolina conviction rendered him a "felon" until after his arrest in the instant case. Petitioner argues that Claims (1)-(3) had a high probability of success and the proceedings would have likely resulted in a different outcome had counsel raised them. With regards to Claim (4), Petitioner argues that this claim was not raised earlier because it is a recent development in Supreme Court law, *i.e.*, Rehaif v. United States, 139 S.Ct. 2191 (2019). Petitioner asks the Court to hold an evidentiary hearing, vacate his conviction, allow a Franks hearing, appoint counsel to represent him, and remand for further proceedings.

**II.    SECTION 2255 STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court has also determined that it can resolve the instant § 2255 Motion to Vacate without requiring a Response from the Government.

### III. DISCUSSION

**(1)-(3) <u>Ineffective Assistance of Counsel</u>**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

Petitioner entered a knowing and voluntary guilty plea with a full understanding of the charges, the rights he was waiving, and his plea's consequences. See (1:19-cr-64, Doc. Nos. 68, 69); see Fed. R. Crim. P. 11 (addressing the requirements for considering and accepting a knowing and voluntary guilty plea). The knowing and voluntary guilty plea waived all alleged ineffective assistance of counsel which preceded it, including counsel's alleged deficiencies with regards to

6

Fourth Amendment issues. Claims (1) through (3), which all allege claims of ineffective assistance of counsel, were all waived by Petitioner's knowing and voluntary guilty plea and, therefore, these claims will be dismissed.

**(4)** **Invalid Plea**

Liberally construed, Petitioner argues that his guilty plea to violating § 922(g) was invalid because the Government failed to prove, and Petitioner did not know, that his status as a convicted felon precluded him from possessing a firearm pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019). Petitioner claims that he "was under the impression that he could lawfully possess weapons in his home…" after he served his time and his citizenship was restored following the 2003 North Carolina drug conviction. (Doc. No. 1-1 at 30).

A person who "knowingly violates" certain subsections of § 922, including § 922(g), "shall be" subject to penalties of up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). The text of § 922(g) in turn provides that it "shall be unlawful for any person ..., being an alien ... illegally or unlawfully in the United States," to "possess in or affecting commerce, any firearm or ammunition." The United States recently held in Rehaif that, in a prosecution under §§ 922(g) and 924(a)(2), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200.

Rehaif does not apply to Petitioner's case. The requirement of proof by the Government that a defendant knew he belonged to the relevant category of persons barred from possessing a firearm in Rehaif was in the context of a jury trial where the jury was instructed, over defendant's objection, that the United States was not required to prove that defendant knew of his status as an illegal alien that precluding him from possessing a firearm. By contrast, in the instant case,

7

Petitioner was charged with "having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess firearms… in and affecting commerce" in violation of 18 U.S.C. §§ 922(g)(1) and admitted his guilt to that offense. (1:15-cr-64, Doc. Nos. 1 at 1); (5:18-cr-57, Doc. No. 3 at 1). Petitioner specifically acknowledged that he satisfies all the elements of § 922(g); that he was convicted in any court of a crime punishable by more than one year, that he possessed a firearm, and that he did those acts "knowingly, willfully, and unlawfully." (Id., Doc. No. 68 at 7).

Petitioner's knowing and voluntary guilty plea to violating § 922(g) admitted all the elements of that offense, including the knowledge of his status as a convicted felon. United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."). The Government had no obligation to prove knowledge under these circumstances and Petitioner's reliance on Rehaif is therefore misplaced. See, e.g., Brewster v. United States, 2019 WL 5076404 (W.D.N.C. Oct. 9, 2019) (denying petitioner's § 2255 claim that he was actually innocent of violating § 922(g) based on Rehaif because petitioner pled guilty and thus admitted all the elements of the offense); see also United States v. Denson, 774 Fed. Appx. 184 (5th Cir. 2019) (concluding that no plain error occurred with regards to defendant's guilty plea to violating § 922(g)(1) because the record, including the PSR and factual resume, indicated that defendant had previously been convicted of a felony offense and thus there was a factual basis for defendant's knowledge that he was a felon); United States v. Rivers, __ Fed. Appx. __, 2019 WL 3526400 at *1 n.3 (4th Cir. Aug. 2, 2019) (noting that defendant's Rehaif argument on plain error review was "inapposite" because the record revealed the plea was knowingly and voluntarily

entered with an understanding of its consequences and that the plea was supported by an independent factual basis).

Petitioner's argument that he is entitled to relief because he lacked subjective knowledge that he was violating the law by possessing a firearm extends Rehaif too far and, in any event, is refuted by the record. Rehaif holds § 922(g) requires proof that "the defendant knew he possessed a firearm and also that he knew he had the relevant status [as a prohibited person] when he possessed it." 139 S.Ct. at 2194. In Rehaif, there was a potential that the defendant did not know that his immigration status had changed. His lack of knowledge would have rendered his possession of a firearm "an innocent mistake to which criminal sanctions normally do not attach." Id. at 2197. Not so in the instant case. The Indictment, Amended Factual Basis, the Court's colloquies, and the PSR all refer to Petitioner's prior felony convictions for which he served prison sentences. Petitioner does not challenge the existence of the prior convictions but rather, his subjective understanding of their effect on his ability to possess firearms.[1] Petitioner's reading of Rehaif "runs headlong into the venerable maxim that ignorance of the law is no excuse." United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019) (citing Cheek v. United States, 498 U.S. 192, 199 (1991)). Several courts have already acknowledged that "Rehaif does not hold that the government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1)." Webster v. Streeval, 2019 WL 5848060 at *3 (E.D. Ky. Nov. 7, 2019); United States v. Briscoe, 2019 WL 5549165 at *2 (D. Kan. Oct. 28, 2019) (same). Moreover, the record refutes Petitioner's contention that he lacked knowledge of his status as a felon. Evidence that Petitioner and Haywood had previously arranged for Haywood

---

[1] The Court notes that, even if the 2003 North Carolina conviction was somehow invalidated, Petitioner also had a federal felony conviction in case number 1:09-cr-23 for which he was sentenced to 48 months' imprisonment. See (1:15-cv-64, Doc. No. 42 at ¶ 42).

9

to take the blame if Petitioner was caught with a gun, and that Petitioner coached Haywood to say she did not know he was a felon, undermine any argument that Petitioner was ignorant of his felon status. Therefore, Petitioner's claim based on <u>Rehaif</u> will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss and deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 26, 2019

Max O. Cogburn Jr.
United States District Judge